

THE ATTORNEY GENERAL

OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable A. M. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. 0-2523
Re: A board of school trustees
may not employ a teacher
whose grandfather and one
of the trustees grandmother
were brother and sister.

Your request for an opinion on the above subject, addressed to Gerald C. Mann, Attorney General of Texas, has been referred to the writer for consideration and reply.

Your request contains the following question:

"Is it a violation of the nepotism laws of this State for a board of school trustees to employ a teacher whose grandfather and one of the trustees' grandmother were brother and sister?"

Attention is directed to Article 432 of the Penal Code of Texas, which is as follows:

"No officer of this State or any officer of any district, county, city, precinct, school district, or other municipal subdivision of this State, or any officer or member of any State, district, county, city, school district or other municipal board, or judge of any court, created by or under authority of any general or special law of this State, or any member of the Legislature, shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board, the Legislature, or court of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for,

directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever."

The earliest Texas case setting forth the prohibited degrees of relationship by affinity and consanguinity under the nepotism laws is found in the Tyler Tap R. R. Co. & Douglas v. Overton, 1 Tex. Ct. App., civil cases, p. 268, I 535, and therein is the following quotation:

"The mode of computing degrees of collateral consanguinity at the common, and by the canon law is to discover the common ancestor, to begin with him, to reckon downwards and the degree the two persons, or the more remote of them, is distant from the ancestor, is the degree of kindred subsisting between them."

This rule has been followed in numerous Texas decisions. Stringfellow v. State, 61 S. W. 719; Fairless v. Cameron County Water Improvement District No. 1, 25 S. W. (2d) 651; Lewis, Assessor, et al v. O'Hair, 130 S. W. (2) 379.

It is apparent that the great-grandfather and great-grandmother were common ancestors of a member of the board of school trustees and the prospective teacher. Thereby, their relationship is within the prohibited third degree by consanguinity. Also, a contract made with the teacher by the board under those circumstances is void. First National Bank v. Neal, 10 S. W. (2d) 408; Landever v. Doyle, 44 S. W. (2d) 1050; Hennessey v. Association, 282 S. W. 791.

Believing this to answer your inquiry, we are

APPROVED AUG 13, 1940
/s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL

PC:go:jl

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        /s/ Pat Coon
          Pat Coon
          Assistant

APPROVED
OPINION
COMMITTEE
By /s/ REK
Chairman